COURT OF APPEALS OF VIRGINIA

Present: Judges Benton, Coleman and Overton
Argued at Alexandria, Virginia


ROBERT C. LIGHTBURN
                                            OPINION BY
v.        Record No. 1729-95-2      JUDGE NELSON T. OVERTON
                                            JUNE 25, 1996
SHEILA JONES LIGHTBURN


            FROM THE CIRCUIT COURT OF MADISON COUNTY
                  Lloyd C. Sullenberger, Judge

            D. Michael Atkins (McClure, Callaghan &
            Atkins, on briefs), for appellant.

            J. Barrett Jones (Jones & Green, on brief),
            for appellee.


        Robert C. Lightburn, husband, appeals the decision of the

circuit court awarding Sheila Jones Lightburn, wife, one-half of

the value of a tract of marital property and $7,250 in attorneys'

fees.  Husband contends that the trial court misapplied Code

§ 20-107.3 in making the equitable distribution award and that

the trial court abused its discretion by awarding wife attorneys'

fees.  For the reasons that follow, we reverse in part and

remand.

                              Facts

        Husband and wife were married in November 1992 and separated

in November 1993.  Wife had a private counselling practice in

Blacksburg prior to the marriage.  The parties agreed that wife

would move to Madison County to live with husband, which she did

in July 1993.  In late September 1993 husband had his attorney

sever a 10.474 acre tract of land from husband's separate

property and convey it by deed of gift to husband and wife as tenants by the entirety.  Husband and wife lived on this property for two months, at which time the parties separated.

The trial court determined that this tract of land had been transmuted to marital property when husband deeded title to the property to himself and his wife as tenants by the entirety with right of survivorship, by which conveyance wife received a one-half undivided interest in the whole property.  The trial court then ordered husband to pay wife one-half of the value of the property and wife to convey her interest to husband.  In determining this award, the trial court considered the factors in Code § 20-107.3(E).  The judge found the duration of the marriage to be a significant factor in determining the equitable distribution award, stating that "[t]he short duration of this marriage only exacerbated wife's problems connected with uprooting from Blacksburg and then having to try to re-root there following this failed marriage."

In ruling on the issue of spousal support, the judge made similar remarks. "Wife pulled up stakes to leave Blacksburg and to come to Madison.  She did not have time to recover from such a move before the marriage failed and she moved back to Blacksburg.  The monetary award addresses this."  No spousal award was granted at this time.

Equitable Distribution

At the time of the divorce, husband and wife held the

property in issue as tenants by the entirety, each owning an undivided one-half interest in the whole. A tenancy by the entirety is defined in part by a marriage between the cotenants, and without such a marriage the tenancy cannot exist. Gant v. Gant, 237 Va. 588, 591-92, 379 S.E.2d 331, 332-33 (1989). Upon dissolution of a marriage, a tenancy by the entirety automatically converts into a tenancy in common. Code § 20-111; Smith v. Smith, 200 Va. 77, 85, 104 S.E.2d 17, 24 (1958); Gaynor v. Hird, 15 Va. App. 379, 381, 424 S.E.2d 240, 241 (1992). Before Code § 20-107.3 was enacted to provide for equitable distribution of property, "when tenants by the entirety . . . [were] divorced by final decree and nothing more appear[ed] than the fact of divorce, each [was] entitled, as a tenant in common, to an undivided one-half interest in the land formerly held in entirety." Sundin v. Klein, 221 Va. 232, 241, 269 S.E.2d 787, 792 (1980), cert. denied, 452 U.S. 911 (1981). Absent a statutory equitable distribution proceeding, this result arises automatically by force of law.

Determining who has legal title, however, has little or no bearing upon how the value of an asset is to be equitably distributed by a monetary award under Code § 20-107.3. The mandate in a property distribution under this section is to allocate to each party a fair portion of the marital wealth. Gamble v. Gamble, 14 Va. App. 558, 570, 421 S.E.2d 635, 642 (1992). Equitable distribution deviates from traditional views

of property ownership in that "whether the property is separate or marital is determined by the statutory definition and is not determined by legal title." Garland v. Garland, 12 Va. App. 192, 195, 403 S.E.2d 4, 6 (1991). Therefore, although property held in a tenancy by the entirety at the time of divorce automatically converts to a tenancy in common insofar as legal title is concerned, the property is to be classified as marital or separate or both according to the criteria set forth in Code § 20-107.3(A)(2).

In making an equitable distribution of property under the statute, the court first must classify the property as separate, marital, or part separate and part marital. Gottlieb v. Gottlieb, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994); Marion v. Marion, 11 Va. App. 659, 665, 401 S.E.2d 432, 436 (1991). When separate property is retitled in the joint names of the parties, the retitled property is transmuted to marital property, Code § 20-107.3(A)(2)(i), unless the property can be sufficiently retraced to separate property and was not a gift. Code § 20-107.3(A)(3)(f). Virginia does not presume a gift simply by virtue of jointly titling or retitling property. Code § 20-107.3(A)(3)(g). A party claiming entitlement to rights and equities in marital property by virtue of an interspousal gift must prove the donative intent of the donor spouse and the nature and extent of the donor's intention. See Brett R. Turner, Equitable Distribution of Property § 5.18 (2d ed. 1994 & Supp.

1995); see also Theismann v. Theismann, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1996).

Here the trial court heard testimony from husband as well as the attorney who drafted the deed of gift, both of whom stated that the husband had meant to ensure that wife receive the property in the event of husband's death.  Based on this evidence that the property was conveyed by deed of gift, the court found that husband intended to and did make a gift to wife.  Consequently, she may have acquired rights and equities in the property which entitled her to a portion of this marital property.

Husband does not argue on appeal that, by retracing, the property should have been classified as separate or that the trial judge erred in classifying the property as marital.  In fact, husband concedes on brief that he "does not now seek reversal on the grounds of classification."  For the purpose of this opinion, therefore, we accept the classification of the property as marital.  Furthermore, we accept the trial court's finding and the appellant's concession that an interest in the marital property was a gift to the wife.

This Court must decide what rights and equities the wife acquired by virtue of the interspousal gift and whether the evidence supported the trial court's finding.  Although the wife owns legal title to one-half of the property, under the statutory authority in equitable distribution, the court may grant a

monetary award to one spouse for her interest in the property "based upon (i) the equities and the rights and interests of each party in the marital property, and (ii) the factors listed in subsection E."  Code § 20-107.3(D) (emphasis added).  The distribution of property held in a tenancy by the entirety therefore does not rely merely upon the legal property interests owned by each party at the time of divorce, but rather is determined in the same manner as other marital property.  This distribution method comports with the treatment used in other jurisdictions.  See, e.g.,  Hagler v. Hagler, 354 S.E.2d 228, 233 (N.C. 1987) (equitable distribution is an alternative means of distribution to the common law conversion to a tenancy in common); Keystone Sav. Ass'n v. Kitsock, 633 A.2d 165, 168 (Pa. Super. Ct. 1993) (all marital property, including that held in tenancies by the entirety, is subject to equitable distribution upon request by either party); Daeschler v. Daeschler, 520 A.2d 777, 781 (N.J. Super. Ct. App. Div. 1986) ("the power of the court to disregard the automatic conversion rule in distributing property held as tenants by the entirety is taken for granted as a legal proposition"); Grant v. Grant, 286 S.W.2d 349, 352 (Tenn. Ct. App. 1954) (under the statute, the trial judge has the discretion to divest a party of her interest in property held by the entirety).

Because the division of the property's value depends in part upon the factors in Code § 20-107.3(E), the amount of the award

will not necessarily result in exactly one-half of the total value. Each party does have an equal legal interest, but the application of the statutory factors may justify an unequal distribution. We reach this conclusion from a plain reading of Code § 20-107.3(D) and note that other jurisdictions have come to the same conclusion in applying similar statutory schemes. See Anderson v. Anderson, 591 A.2d 872, 874 (Me. 1991); Wood v. Wood, 403 S.E.2d 761, 771 (W.V. 1991); In re Marriott, 636 N.E.2d 1141, 1146 (Ill. App. Ct. 1994); In re Burns, 811 P.2d 654, 656 (Or. Ct. App. 1991).

The trial court in the case at bar did consider the statutory factors in making its equitable distribution determination. Husband asserts, however, that the trial court erred by weighing the short duration of the marriage in wife's favor for purposes of the equitable distribution of property. We agree.

The legislature enacted Code § 20-107.3 to divide the value of marital property between spouses based upon each spouse's contribution to the acquisition, preservation, or improvement of property obtained during the marriage. Sawyer v. Sawyer, 1 Va. App. 75, 78, 335 S.E.2d 277, 279 (1985); see Roane v. Roane, 12 Va. App. 989, 994, 407 S.E.2d 698, 701 (1991). "The clear legislative intent embodied in [Code § 20-107.3] is to maintain an appropriate separation between considerations of child or spousal support and considerations of an equitable division of

marital wealth."  Williams v. Williams, 4 Va. App. 19, 24, 354

S.E.2d 64, 66 (1987); Reid v. Reid, 7 Va. App. 553, 564, 375

S.E.2d 533, 539 (1989).  A trial court determines distribution of

marital property without regard for the considerations of spousal

support and the factors in Code § 20-107.1.  Equitable

distribution is based on different considerations than spousal

support.  Stumbo v. Stumbo, 20 Va. App. 685, 691, 460 S.E.2d 591,

594 (1995).[1]

In the instant case, the evidence proved that husband owned

the residence prior to the marriage.  No evidence proved that

the wife made any contribution to the maintenance or improvement

of the property during the marriage or in contemplation of the

marriage.  The trial judge did not determine or address the

"equities and the rights and interests of each party in the

marital property," which equitable distribution of property seeks

to adjust.  Code § 20-107.3(D); see Brown v. Brown, 5 Va. App.

238, 246, 361 S.E.2d 364, 368 (1987).

The trial court's letter opinion repeatedly references

wife's two relocations in a short time as a basis for the award,

even though this factor had no bearing upon her acquiring any

rights or equities in the real estate.  Admittedly, she lost one

of her two jobs.  She had to reestablish herself in her

---

[1] This distinction is often blurred.  See Macys v. Macys, 115 B.R. 883, 892 (Bankr. E.D. Va. 1990) (noting that "there seems to be enough flexibility in the statutory scheme for divorce courts to make awards in appropriate cases that would be actually in the nature of alimony, maintenance or support").

profession.  She strained relationships with her children and friends.  To these problems, the trial court states that "[t]he monetary award addresses this."

A monetary award under Code § 20-107.3, however, does not rationally address these issues and no provisions within Code § 20-107.3 authorize or direct the trial judge to consider evidence of economic and emotional difficulties following the divorce.  As noted, equitable distribution and monetary awards stemming therefrom are intended to divide the marital property fairly between the parties based upon their rights and equities due to their monetary and nonmonetary contributions to the acquisition, maintenance, preservation or improvement of the property.  Hardships of one party from the divorce do not necessarily play a role in this division.  "Circumstances that lead to the dissolution of the marriage but have no effect upon marital property, its value, or otherwise are not relevant to determining a monetary award, [and] need not be considered." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 527, 458 S.E.2d 323, 325 (1995) (quoting Aster v. Gross, 7 Va. App. 1, 6, 371 S.E.2d 833, 836 (1988)).  The short duration of the marriage exacerbated wife's problems in reestablishing her separate life.  However, the relationship that hardship bore to the acquisition, care, and maintenance of the property has not been established.  Certainly, the consequence of the hardship when weighed against the four months the wife was present in the house and the husband's

acquisition of the property does not support an equal division.

The order for equitable distribution appears to have been grounded upon factors better suited to the consideration of spousal support, including the issue of the short duration of the marriage and the expenses associated with relocating and the interruption of her private counseling practice.  See Code § 20-107.1(4).  In Blank v. Blank, 10 Va. App. 1, 389 S.E.2d 723 (1990), this Court addressed the issue of lump sum spousal support when "special circumstances" exist.  In this case, wife's sacrifices in her moving to Madison are appropriate considerations for spousal support, not equitable distribution. Because the monetary award was not statutorily designed to address issues properly related to spousal support, we reverse the decision of the lower court and remand for reconsideration and an award not inconsistent with this opinion.[2]

## Attorneys' Fees

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987); Ingram v. Ingram, 217 Va. 27, 29, 225 S.E.2d 362, 364 (1976).  The key to a proper award of counsel fees is reasonableness under all the circumstances. McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162

___

[2] A trial court must necessarily reexamine spousal support in the light of a new marital property award on remand.  Mitchell v. Mitchell, 4 Va. App. 113, 121, 355 S.E.2d 18, 23 (1987).

- 10 -

(1985).

The trial court based the award of attorneys' fees to wife on the income disparity between the parties during the period of litigation.  In 1994, husband's assets were significantly higher than wife's.  Based on the issues and the respective abilities of the parties to pay, we cannot say that an award of fees to the wife was unreasonable or that the trial court abused its discretion in making the award.  In view of the disposition of the equitable distribution issue, however, we remand to the trial judge for reconsideration of the amount of the fee award.

<u>Reversed in part and remanded.</u>