## CIRCUIT COURT OF MADISON COUNTY

Lightburn

v.

Lightburn

July 29, 1997

Case No. (Chancery) 2611

BY JUDGE LLOYD C. SULLENBERGER

The Court of Appeals found that this court erred in awarding Sheila Jones Lightburn (wife) one-half of the value of the dwelling tract in which Robert Lightburn (husband) had given her a one-half undivided interest. Upon remand the court heard further evidence and received written argument of counsel.

There is no issue as to whether husband gave to wife the interest in the dwelling tract. Discussing *Lightburn* v. *Lightburn*, 22 Va. App. 612 (1996), the Court of Appeals in *Rowe* v. *Rowe*, 24 Va. App. 123, 137, n. 1 (1997), noted that, in *Lightburn*, the Court of Appeals accepted the trial court's finding and appellant husband's concession that the interest in the dwelling tract was a gift to the wife.

Since an interspousal transfer of title is not necessarily a gift, see Code § 20-107.3(A)(3)(d), (e), and (f), when the interspousal transfer is a gift of jointly titled property, the equities and the rights and interests of the spouses are equal under Code § 20-107.3(D). See *Theismann* v. *Theismann*, 22 Va. App. 557, 568 (1996),[1] discussing *McClanahan* v. *McClanahan*, 19 Va. App. 399 (1991). The trial court must give careful consideration to the gifted status of the marital property in order to fashion a fair and equitable award. *Theismann* at 568.

---

[1] *Theismann, supra,* is a 2 to 1 panel decision. The trial court, affirmed by a majority of the panel, was affirmed upon hearing *en banc* for the reasons stated in the majority panel opinion; see *Theismann* v. *Theismann*, 23 Va. App. 697 (1996).

The *Theismann* court, while recognizing that the evidence and application of Code § 20-107.3(E) factors might warrant all or most of the gifted property's value being awarded to the donor spouse, further recognized that the gifted status is relevant when considering factors (6) and (10) of Code § 20-107.3(E). *Id.* at 568-9.

In *Rowe*, the Court of Appeals, while recognizing that careful consideration must be given to the gifted status of marital property in making an equitable award thereof, stated that the equitable award of marital property is "ultimately to be determined by the trial court's consideration of the evidence and application of Code § 20-107.3(E) factors."

The educated, mature, and previously divorced husband did not give the property interest to the wife at time of their marriage, November 1992, but rather in September 1993, after wife had moved to Madison County in July 1993. Because the gift was of an interest in the dwelling tract of which wife was sharing occupancy with the husband and which was her only dwelling, and made not in contemplation of marriage or at time of marriage but nearly a year into the marriage, the court finds that she had substantial equities and rights and interest in the property. Were it otherwise, the gift, as opposed to a non-donative transfer of title, would be conditional so long as the donor spouse was alive and did not elect to revoke the gift. Interspousal gifts, especially those creating joint tenancies, would have little legal meaning.

The court has considered all the factors listed in Code § 20-107.3(E). This consideration is necessary both under § 20-107.3(C), empowering the court to order the division or transfer of jointly owned marital property, and under § 20-107.3(D) in making a monetary award. It will address some of them.

Husband made more monetary contributions to the well-being of the family. Wife made a very significant non-monetary contribution by ending her professional practice, adjusting her child custody arrangements as to her children of her prior marriage, selling her dwelling in Blacksburg, and moving to husband's home in Madison County so that the parties could live as a traditional family.

Husband had originally acquired the dwelling tract as part of a larger farm. Wife acquired her interest in the dwelling tract by the gift from the husband. Giving meaning to interspousal gifts of joint interests in real estate factor (6) as to how she acquired her interest in the marital property weighs in her favor.

The dwelling tract has been held by husband and wife as tenants in common since entry of the decree of divorce on July 3, 1995. See Code § 20-111. The court finds that, as of the date of the post-remand evidentiary hearing, the dwelling tract continued to be worth $265,000.

The wife, based on the foregoing, is entitled to a monetary award for her interest in the dwelling tract of $88,000. She shall be required to convey her interest to husband upon his payment to her of the amount of the monetary award.

## Spousal Support

While the court awarded the wife *pendente lite* spousal support until the date of the divorce decree, it did not award her permanent spousal support.

Since it has revisited the issue of equitable distribution and modified its award, it must re-examine the issue of spousal support. *Lightburn* at 621, n. 2.

The Court of Appeals noted that this court's order for equitable distribution appeared to have been grounded upon factors better suited to the consideration of spousal support, including the short duration of the marriage and the expenses associated with relocating and the interruption of her private counseling practice. *Id.* at 620.

The evidence at the post-remand hearing, just as had the evidence at the original hearing, showed that the wife had suffered substantial economic detriment by terminating her counseling practice, including her association with St. Alban's Hospital in Radford, selling her dwelling in Blacksburg and moving to Madison County to join her husband.

The husband continues to have a substantial net worth while the wife's net worth is practically nothing. His income greatly exceeds hers even though he has substantial investments in tax free assets.

The wife's opening post-trial memorandum at pages 4-12 addresses income, assets, and debts of the respective parties. While the argument is contained in a section of the memorandum addressing property division, the court finds the figures are supported by the evidence. The court adopts the figures as its finding under Code § 20-107.1, factors (1) and (7).

The court has considered all the factors under that statute. The short duration of the marriage as related to wife's leaving her longtime place of residence, moving to Madison County, and then having to move back to Blacksburg upon failure of the marriage is considered in fixing the amount of spousal support to which she is entitled.

That spousal support will be taxable to wife and deductible to husband will be considered in determining the amount which the court finds she should be awarded.

The court has also considered the monetary award to the wife under Code § 20-107.3 of $88,000.

The court finds that under the circumstances of the case the spousal support should be a lump sum award as permitted by Code § 20-107.1 See *Lightburn* at 620. The court will order the husband to pay to the wife as spousal support in the form of a lump sum an award of $100,000. Husband shall pay the monetary award, less credit for $1,000, to wife, and the lump sum spousal support award of $100,000 within 30 days following entry of the decree carrying out this ruling.

### *Attorneys' Fees*

The court awarded the wife in its previous decree of divorce $7,250 in attorneys' fees. The Court of Appeals upheld this court's award of attorneys' fees as not unreasonable, but because of the disposition of the equitable distribution issue, remanded the award for reconsideration of the amount. *Id.* at 621.

The court determines that the attorneys' fees allowed were appropriate to cover the matter until entry of the decree of divorce and economic determination, which was appealed. That the case had to be appealed, and retried in part, because of the court's erroneous ruling is not a basis for making an award. See *DeWitt* v. *DeWitt*, Court of Appeals # 1636-95-4 (unpublished 8/6/96) at p. 13.

While the court cannot award the wife attorneys' fees for the appeal, see *O'Loughlin* v. *O'Loughlin*, 23 Va. App. 650 (1996), it will award her additional attorneys' fees incurred by her in this court on remand. She having been determined to be entitled to a reduced monetary award but a lump sum spousal support award and because of husband's vastly greater resources, both assets and income, the court will require the husband to pay to the wife the aggregate sum of $14,500 on account of her attorneys' fees in the trial court before appeal and after remand. Husband shall also pay the court reporter's costs on remand, including the transcript required by the court.