COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


PATRICIA A. SMITH
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1593-97-4        JUDGE ROSEMARIE ANNUNZIATA
                                         MARCH 3, 1998
WALTER H. WARME, JR.


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                    Dennis J. Smith, Judge

        Patricia A. Smith, pro se.

        Robert C. Adams (Tydings, Bryan & Adams, on
        brief), for appellee.


    Patricia A. Smith (wife) appeals the decision of the trial

court in her divorce from Walter H. Warme, Jr. (husband).  She

alleges on appeal that the court erred in classifying, valuing,

and distributing the marital property, and in refusing to award

her spousal support.  We affirm in part, and reverse in part.

    The parties were married on May 29, 1987, and had no

children together.  On April 1, 1996, husband filed a bill of

complaint for divorce against wife.  Husband is a recovering

alcoholic who contributed significantly to the marriage until the

final year of the marriage, when his alcoholism grew worse.

Husband was employed by the Navy, where he accumulated annual and

sick leave in the course of his job.  He also contributed to the

Thrift Savings Plan, a voluntary contribution retirement plan

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

offered by the federal government. At trial, husband testified that he drove a 1989 Mazda RX7 worth $2,000.

Wife is an attorney with an LL.M. in international law who opened her own real estate practice in 1985 after working as government and in-house counsel. Wife has chronic cervical strain, and is experiencing a period of depression which renders concentration difficult. Wife's income from her practice has declined from $45,000 in 1985 to roughly $7,100 in 1996.

At trial, husband introduced evidence from a real estate appraiser that, in June 1995, he had appraised the marital home at $224,000. The appraiser testified, however, that after a comparable home across the street from the parties' home sold for $190,000, he adjusted his valuation to $195,000. Wife testified that the marital home was worth $230,000. Husband also introduced evidence from a vocational rehabilitation counselor, Stephen Sheldin, that wife was capable of earning $51,000 to $67,000 per year as a government attorney. Wife disputed this conclusion, and testified that she has not been able to find a better-paying position.

## I.

### Classification

Wife first contends that the court failed to properly classify husband's Thrift Savings Plan (TSP) and accumulated annual leave as marital property. As the first step in the equitable distribution process, a court must classify the

parties' property as separate, marital, or part separate and part marital. <u>Lightburn v. Lightburn</u>, 22 Va. App. 612, 616, 472 S.E.2d 281, 283 (1996) (citing <u>Gottlieb v. Gottlieb</u>, 19 Va. App. 77, 93, 448 S.E.2d 666, 676 (1994)). We will not disturb the court's classification of property unless the court's decision shows an abuse of discretion or is unsupported by the evidence. <u>Gamer v. Gamer</u>, 16 Va. App. 335, 345, 429 S.E.2d 618, 625 (1993).

After examining the relevant factors under Code § 20-107.3(E), the court stated:

> The husband will keep his annual leave and sick leave. The wife will keep her office furniture. The wife will keep her SEP. The husband will also keep his TSP. Each will keep their own car. The Optelecom will be split equally. The wife will keep the Oracle stock, as it is separate property.
> I believe that deals with all the marital property. Is there any marital property that I've missed?

The court's characterization of the property it was distributing as marital, as well as its segregation of the Oracle stock as separate property, makes clear that it had performed the required classification of the TSP and accumulated leave. Wife's argument that the court erred in classifying the TSP and accumulated leave as separate is, therefore, meritless.

II.

Valuation

In a one-paragraph argument, wife contends that the court erred in valuing the parties' 1989 Mazda. The court found that the Mazda had a value of $2,000. We will not disturb the court's

3

finding unless it is plainly wrong or without evidence to support it.  Gamble v. Gamble, 14 Va. App. 558, 563, 421 S.E.2d 635, 638 (1992) (citing Schoenwetter v. Schoenwetter, 8 Va. App. 601, 605, 383 S.E.2d 28, 30 (1989)).

The parties owned a 1989 Mazda RX7 with approximately 130,000 miles on it.  At the time of trial, the Mazda had body damage "on the right side, right front, and right door and right rear quarter panel" dating from the summer of 1994.  Husband opined that the fair market value of the car was $2,000.  Wife's only contrary evidence was that the parties had originally paid $13,000 for the Mazda.  The court may, in its discretion, determine the value of property on the basis of lay testimony.  Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 923 (1993).  Contrary to wife's argument, the evidence supports the court's finding that the Mazda had a value of $2,000.

III.

Equitable Distribution Award

Wife argues that the trial court erred in determining the equitable distribution award.  The court found that the parties made relatively equal non-monetary contributions to the marriage during the early years of the marriage, but that husband's contributions declined as his alcoholism advanced.  The court allocated the marital residence to husband, provided he elected to pay $10,000 to wife within fourteen days.  The court ruled that if husband did not elect to purchase the house from wife,

4

wife could purchase the house from husband under the same terms; if neither party elected to purchase the house, the house would be sold and the proceeds divided between the parties.

On appeal, we view the evidence in the light most favorable to husband, the party prevailing below. Wagner v. Wagner, 16 Va. App. 529, 532, 431 S.E.2d 77, 79 (1993). In fashioning an equitable distribution award, the trial court may determine what weight to assign to each of the statutory factors, as long as it considers each of the factors. Booth v. Booth, 7 Va. App. 22, 28, 371 S.E.2d 569, 573 (1988). A court's equitable distribution award rests within the sound discretion of the trial court and will not be reversed unless plainly wrong or without evidence to support it. McDavid v. McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994) (citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990)).

Wife first argues that the court erred in finding that the parties' non-monetary contributions to the marriage were equal; she argues that the evidence shows that husband's contributions declined as his alcoholism advanced. The court's findings, however, were precisely in line with wife's argument. The court found, "[i]n the early years the parties had relatively equal non-monetary contributions to the marriage. In later years the husband's non-monetary contributions reduced, as a result of his alcoholism, and admittedly he participated less in household activities at that point."

5

This finding is supported by the evidence. Husband testified that both parties went grocery shopping, cooked, washed dishes, and painted the house. Husband mowed the lawn while wife did the gardening. Husband did the laundry and took out the trash. Husband introduced an exhibit which showed the relative non-monetary contributions of the parties. Husband admitted, however, that he had not contributed as much to the marriage in its final year as he had done previously.

Wife also contends that no evidence supports the court's decision to allow husband to buy the house from her for $10,000. The court found that the house was worth $224,000; the record shows, and the parties agree, that the house was encumbered by two trusts for a total of $185,473.96, leaving the equity in the house at $38,526.04. Although both parties assume on the briefs that the court subtracted closing costs of approximately eight percent to arrive at a net equity of approximately $20,000 as the basis of its $10,000 buyout allocation, the court did not explain that it was subtracting closing costs.

There is no evidence in the record to support a reduction of roughly $18,500 in the equity in the house. Although husband referred to an exhibit showing a six percent real estate commission and one point as potential debt against the property in his opening statement, this exhibit was never introduced into evidence. The record contains no evidence of closing costs, or any other factor, which supports the trial court's decision to

allow husband to buy wife's roughly $19,250 equity in the marital home for $10,000.  We, therefore, reverse the decision of the trial court on this issue, and remand for further proceedings. See Lightburn, 22 Va. App. at 619-20, 472 S.E.2d at 284-85.

IV.

Expert Testimony

Wife contends that the court erred in allowing an expert witness to testify on her earning capacity because he was not qualified to testify.[1]  Over wife's objection, the court allowed husband's expert witness, Stephen Sheldin, to offer his opinion that wife had an earning capacity of $51,000-$67,000 per year.

"Whether a particular witness is qualified to testify as an expert is 'largely a matter in the discretion of the trial court, and its rulings allowing a witness to testify will not be disturbed unless it clearly appears that [the expert] was not qualified.'"  Wileman v. Commonwealth, 24 Va. App. 642, 647, 484 S.E.2d 621, 624 (1997) (quoting Adams v. Ristine, 138 Va. 273, 288, 122 S.E. 126, 130 (1924)).  "The record must show that the proffered expert possess sufficient knowledge, skill, or experience to render him competent to testify as an expert on the subject matter of the inquiry."  King v. Sowers, 252 Va. 71, 78, 471 S.E.2d 481, 485 (1996) (citing Griffett v. Ryan, 247 Va. 465, 469, 443 S.E.2d 149, 152 (1994)).  If an expert is competent to testify, his or her other qualifications or lack thereof are relevant only to the weight to be given to his or her testimony by the trier of fact.  Id.

---

[1]Wife also contends that Sheldin's opinion was inadmissible as a matter of law because he did not consider all the factors and variables in the case.  Wife did not raise this issue at trial, and is precluded from doing so on appeal.  Rule 5A:18.

Sheldin testified that he had been a vocational rehabilitation counselor for nineteen years. Sheldin's curriculum vitae showed that he held a Master of Education degree in Rehabilitation Counseling from Kent State University. Sheldin had worked in a variety of vocational rehabilitation positions, but had not placed any attorneys into the labor market. Sheldin had, however, previously testified regarding the employability of attorneys, and testified that his training and experience was broad enough to encompass vocational assistance for attorneys. Under these circumstances, the court did not abuse its discretion in finding Sheldin qualified to testify as an expert with respect to employment opportunities.

V.

Spousal Support

Wife contends that the court erred in concluding that wife was not entitled to spousal support. Whether to award spousal support is a matter of discretion for the trial court. Jennings v. Jennings, 12 Va. App. 1187, 1196, 409 S.E.2d 8, 14 (1991) (citing McGuire v. McGuire, 10 Va. App. 248, 251, 391 S.E.2d 344, 347 (1990)). "When considering the issue of spousal support, whether in a modification or initial award determination, the trial court must take into account the receiving spouse's needs and ability to provide for the needs, and balance those against the other spouse's ability to provide support . . . ." Stubblebine v. Stubblebine, 22 Va. App. 703, 710, 473 S.E.2d 72,

9

75 (1996) (<u>en</u> <u>banc</u>).  "[O]ne who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need."  <u>Srinivasan</u>, 10 Va. App. at 734, 396 S.E.2d at 679 (citing <u>Baytop v. Baytop</u>, 199 Va. 388, 394, 100 S.E.2d 14, 19 (1957)).

Because we remand for reconsideration of the equitable distribution award, the trial court will have to reconsider the issue of spousal support.  <u>Johnson v. Johnson</u>, 25 Va. App. 368, 375, 448 S.E.2d 659, 662 (1997).  We, therefore, decline to address this issue on appeal.

<u>Affirmed in part,</u><br><u>reversed in part,</u><br><u>and remanded.</u>