COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Bumgardner
Argued at Richmond, Virginia


ROBERT C. LIGHTBURN
                                    MEMORANDUM OPINION* BY
v.        Record No. 2445-97-2      JUDGE LARRY G. ELDER
                                         APRIL 14, 1998
SHEILA JONES LIGHTBURN


            FROM THE CIRCUIT COURT OF MADISON COUNTY
                  Lloyd C. Sullenberger, Judge

          D. Michael Atkins (McClure, Callaghan &
          Atkins, on briefs), for appellant.

          J. Barrett Jones (Jones & Green, on brief),
          for appellee.



     Robert C. Lightburn ("husband") appeals the trial court's

awards of equitable distribution, spousal support, and attorney

fees in his divorce from Sheila Jones Lightburn ("wife").  For

the reasons that follow, we affirm.

                              I.

                    EQUITABLE DISTRIBUTION

     Husband contends that the trial court erred when it

considered the factors of Code § 20-107.3(E) to determine its

award of equitable distribution.  He argues that the trial court

misapplied Code § 20-107.3(E)(3) regarding the "duration of the

marriage" and Code § 20-107.3(E)(6) regarding the manner in which

the marital property was acquired.  He also argues that the

evidence was insufficient to support the trial court's factual

_____
          *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

finding regarding wife's non-monetary contributions to the well-being of the family.  We disagree.

Following this Court's reversal of its initial decision to award wife one-half of the value of the marital residence, the trial court reconsidered the factors of Code § 20-107.3 and awarded wife approximately one-third of the property's value.

Code § 20-107.3, which governs awards of equitable distribution, "is intended to recognize a marriage as a partnership and to provide a means to divide equitably the wealth accumulated during and by that partnership based on the monetary and non-monetary contributions of each spouse."  Williams v. Williams, 4 Va. App. 19, 24, 354 S.E.2d 64, 66 (1987).  "Where an equitable distribution is appropriate, then all of the provisions of Code § 20-107.3 must be followed."  Artis v. Artis, 4 Va. App. 132, 136, 354 S.E.2d 812, 814 (1987).  After classifying and valuing all of the property at issue, the court may order the division or transfer, or both, of jointly owned marital property or grant a monetary award to either party.  See Code § 20-107.3(A), (C), (D).  The court must determine the amount of its award of any of these remedies "upon the factors listed in [Code § 20-107.3(E)]."  Code § 20-107.3(C), (D).  Subject to these enumerated statutory factors, "[t]his division or transfer of jointly owned marital property and the amount of any monetary award . . . is within the sound discretion of the trial court."  Dietz v. Dietz, 17 Va. App. 203, 216, 436 S.E.2d 463, 471 (1993).

Although, when making an equitable distribution decision, the trial court is not required to quantify the weight given to each factor or to weigh each factor equally, its considerations must be supported by the evidence. See Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991).

First, we hold that the trial court's consideration of the duration of the marriage under Code § 20-107.3(E)(3) was not erroneous. The duration of the marriage is only one of numerous factors that a trial court is required to weigh when determining its award of equitable distribution. See Theismann v. Theismann, 22 Va. App. 557, 565, 471 S.E.2d 809, 812, aff'd en banc, 23 Va. App. 697, 479 S.E.2d 534 (1996). In its opinion letter, the trial court did not expressly indicate how it weighed the short duration of the parties' marriage in its overall analysis. However, unlike its earlier award of equitable distribution, the trial court did not consider the relationship between the short duration of the marriage and wife's "hardships . . . from the divorce," such as "the expenses associated with relocating and the interruption of her private counseling practice," in determining the amount of its monetary award. Lightburn v. Lightburn, 22 Va. App. 612, 620, 472 S.E.2d 281, 285 (1996). Although the trial court considered wife's non-monetary contribution of joining the family in Madison County in determining its award of equitable distribution, it reserved its consideration of the negative effects of her quick return to

Blacksburg for the issue of spousal support.  Based on our review of the record and the trial court's award, we cannot say that its consideration of Code § 20-107.3(E)(3) was flawed.  Cf. Theismann, 22 Va. App. at 565, 471 S.E.2d at 812-13.

Next, we hold that the trial court's consideration of "how and when" the marital residence was acquired under Code § 20-107.3(E)(6) was not erroneous.  The record indicates that, about ten months after the parties were married, husband arranged to have a 10.474-acre tract of his farm, which included the marital residence, parceled off and retitled to husband and wife as tenants by the entirety.  Husband previously conceded that this transaction constituted a gift to wife and had the effect of transmuting the marital residence into "marital property" for the purposes of equitable distribution.  See Lightburn, 22 Va. App. at 617, 472 S.E.2d at 283.  The "gifted status" of specific items of marital property is relevant to the trial court's consideration of Code § 20-107.3(E)(6) and (10).  See Theismann, 22 Va. App. at 568-69, 471 S.E.2d at 814.  Although, when warranted by the evidence, a trial court has discretion to award all or most of the gifted property's value to the donor spouse, Code § 20-107.3 does not compel such an award.  See id. at 568, 471 S.E.2d at 814.  The trial court's opinion letter indicates that it carefully considered the gifted status of the marital residence in fashioning its award.  The record does not indicate that this consideration was erroneous or that the decision to

- 4 -

award wife one-third of the value of this gifted property was an abuse of discretion.

Finally, we hold that the evidence was sufficient to support the trial court's factual finding regarding wife's non-monetary contribution to the family. The evidence regarding the personal and professional concessions made by wife to join husband at the marital residence and the associated practical inconveniences was sufficient to support the trial court's finding that her relocation constituted a significant non-monetary contribution to the well-being of the family.

## II.

## SPOUSAL SUPPORT

Husband challenges the trial court's award of spousal support on two grounds. He contends that the trial court erred when it (1) concluded that wife was entitled to spousal support and (2) applied the factors of Code § 20-107.1 to determine the amount of its award. We disagree.

"The determination of whether a spouse is entitled to support and of the amount of that support is a matter committed to the sound discretion of the trial court." Theismann, 22 Va. App. at 572, 471 S.E.2d at 816. "'When the record discloses that the trial court considered all of the statutory factors, the court's ruling will not be disturbed on appeal' absent a clear abuse of discretion." Id. (quoting Gamble v. Gamble, 14 Va. App. 558, 574, 421 S.E.2d 635, 644 (1992)).

We hold that the trial court did not err when it determined that wife was entitled to spousal support.

> Where [a] wife has established her need for support and the husband's ability to provide it, and she was not shown to be guilty of misconduct entitling her husband to a divorce, the chancellor abuse[s] his discretion when he denie[s] the wife support and maintenance.

Hodges v. Hodges, 2 Va. App. 508, 514, 347 S.E.2d 134, 137 (1986) (citing Rowand v. Rowand, 215 Va. 344, 346, 210 S.E.2d 149, 150-51 (1974)).  Husband, who had a net worth of well over three million dollars and substantial income from a multitude of investments, does not contend that the record failed to establish his ability to provide support.  Regarding wife's needs, the trial court found that "wife had suffered substantial economic detriment" as a result of her move to Madison County and that her net worth was "practically nothing."  Contrary to husband's assertion, the record contains ample support for both of these findings.  Based on wife's lost opportunity to continue working as an employee of St. Albans Psychiatric Hospital, her reduced income and negative cash flow following the parties' separation, and her comparatively minuscule net worth, we cannot say that the trial court erred when it concluded that she was in need of spousal support.

We also hold that the trial court's determination of the amount of spousal support was not an abuse of discretion.  "In fixing the amount of the spousal support award, a review of all

- 6 -

of the factors contained in Code § 20-107.1 is mandatory, and the amount awarded must be fair and just under all of the circumstances." Gamble, 14 Va. App. at 574, 421 S.E.2d at 644. "[W]hen the record discloses that the [trial] court has considered all of the statutory factors, its ruling will not be disturbed on appeal absent a clear abuse of discretion." Lambert v. Lambert, 10 Va. App. 623, 628, 395 S.E.2d 207, 210 (1990). The trial court's opinion letter indicates that, following the hearing on remand, it carefully considered all of the factors of Code § 20-107.1, including the sharply contrasting financial conditions of the parties, the reduction in wife's award of equitable distribution, and her tax liability for any spousal support she received.

We disagree with husband that the trial court's consideration of the duration of the marriage was inappropriate or that it considered at all the "emotional difficulties" encountered by wife as a result of her successive relocations. In our previous consideration of this case, we held that wife's hardships from the divorce, which were "exacerbated" by the short duration of the parties' marriage, "were appropriate considerations for spousal support." Lightburn, 22 Va. App. at 620, 472 S.E.2d at 285. In light of this directive and the evidence in the record regarding the financial ramifications of wife's departure from and then return to the Blacksburg area, we cannot say that the trial court's consideration of the duration

of the marriage was erroneous.  Moreover, the trial court's finding does not indicate that it gave any consideration to the "emotional" difficulties associated with wife's relocations. Rather, when read in context with its statement regarding the "substantial economic detriment" encountered by wife, the trial court's finding indicates that it considered only the financial and practical problems that confronted wife because of her back-to-back moves.

### III.

### ATTORNEY FEES

We disagree with husband's contention that the trial court erred when it awarded attorney fees to wife and not to him.  "An award of attorney fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987).  The key to a proper award of attorney fees is "reasonableness under all of the circumstances."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).  Based on the circumstances and equities of this case, including each parties' needs, abilities, resources, and the course and outcome of these lengthy proceedings, we cannot say that the trial court's award of $14,500 of wife's attorney fees was an abuse of discretion.  Wife's request for additional attorney fees is denied.

For the foregoing reasons, we affirm the trial court's

awards of equitable distribution, spousal support, and attorney fees.

                                                            <u>Affirmed</u>.