COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Bray and Annunziata
Argued at Alexandria, Virginia


MARGARET JANE CRYOR GAYNOR
                                      MEMORANDUM OPINION[*] BY
v.   Record Nos. 1224-97-4,                PER CURIAM
       1841-97-4 and 1907-97-4          JUNE 9, 1998

FREDERICK SYLVESTER HIRD, JR.


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                       Paul F. Sheridan, Judge

            Edward V. O'Connor, Jr. (Byrd, Mische, Bevis,
            Bowen, Joseph & O'Connor, P.C., on briefs),
            for appellant.

            William B. Cummings for appellee.


     The parties are familiar with the voluminous records

relevant to this protracted litigation, together with the

attendant facts and procedural history.  Accordingly, this

opinion omits needless archival references in resolving those

issues subject of the most recent spate of appeals.

     Our review is "guided by the principle that decisions

concerning equitable distribution rest within the sound

discretion of the trial court and will not be reversed on appeal

unless plainly wrong or unsupported by the evidence."  McDavid v.

McDavid, 19 Va. App. 406, 407-08, 451 S.E.2d 713, 715 (1994)

(citing Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396

S.E.2d 675, 678 (1990)).

          Unless it appears from the record that the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the chancellor's equitable distribution award will not be reversed on appeal.

McClanahan v. McClanahan, 19 Va. App. 399, 401, 451 S.E.2d 691, 692 (1994) (citing Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987)).

## I.  Equitable Distribution

In fashioning the decree on appeal, our review of the instant and interrelated records discloses that the chancellor properly adjudicated the interests of the parties, including the bank accounts and marital debts in issue, consistent with statute and prior decisions of our Court in this cause.  Thus, finding no error, we affirm the award.

## II.  Rental Issues

In record 1224-97-4, appellant assigns ten errors to the trial court's Order on Rental Claim on Remand.  She complains that imputed rental income attributed to her ownership interests in the former marital residence was separate property, not properly subject to consideration in the monetary award.  However, "legal title . . . has little or no bearing upon how [marital wealth] . . . is to be equitably distributed by a monetary award under Code § 20-107.3."  Lightburn v. Lightburn, 22 Va. App. 612, 616, 472 S.E.2d 281, 283 (1996).  Here, the trial court valued appellant's rental claim and properly included

it in formulating a monetary award pursuant to the provisions of Code § 20-107.3.  The court's determination of rental value is supported by credible evidence and its treatment and analysis in equitable distribution, carefully detailed in the disputed order, reflects no abuse of discretion.  We, therefore, affirm the order.

### III.  Suspension Bond

Wife appeals the trial court's decision to allow appellee to pursue debtor's interrogatories and continue liens against the appellant's property, despite a Suspension Bond.  Finding that the trial court's resolution of this issue evinces no abuse of discretion and is supported by the record, we affirm the challenged order.

Accordingly, we affirm the trial court.

Affirmed.