COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Frank and Clements


CHANDRU M. BAXANI
                                    MEMORANDUM OPINION*
v.    Record No. 2945-02-2              PER CURIAM
                                       JULY 1, 2003
CHUI YING C. BAXANI


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          Thomas T. Hassell, Jr., for appellant.

          Andrea C. Long (Boone, Beale, Cosby & Long,
          on brief), for appellee.


     Chandru M. Baxani, husband, appeals the final divorce decree

of the trial court concerning the equitable distribution award

and the spousal support award to Chui Ying C. Baxani, wife.  On

appeal, husband contends the trial court erred by:  (1) awarding

attorney's fees to wife; (2) failing to credit him for

post-separation mortgage payments; (3) awarding spousal support to

wife; and (4) failing to make written findings identifying the

factors that sustain its spousal support award.  Wife also

requests an award of attorney's fees she has incurred in defense

of this appeal.  Upon review of the briefs and the record, we

conclude that husband's appeal is without merit.  Accordingly, we

summarily affirm the decision of the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>BACKGROUND</u>

The parties married in 1971 and had three children together, one of whom was under the age of eighteen at the time of the divorce.  Wife moved out of the marital residence in July 1998, and husband asserts that she deserted the marriage.  However, wife contends the parties discussed ending the marriage, separating, and selling the marital residence prior to her move.

Wife filed a bill of complaint seeking a divorce on the ground of living separate and apart continuously for a period exceeding one year.  She also sought spousal support and the equitable distribution of the parties' property.

The trial court granted the parties a divorce on the ground of having lived separate and apart for a period in excess of one year.  In its July 2, 2002 letter opinion, the trial court awarded wife spousal support in the amount of $450 per month.  It also ordered that the parties sell the marital residence and divide the net proceeds equally.  Husband was to receive a monetary credit for the costs of several repairs he had made to the house after the parties separated.  The trial court also ordered that husband was responsible for any necessary repairs to the house as suggested by a real estate agent and that he would be reimbursed for these repairs from the proceeds of the sale.  The trial court denied husband's request for credit for post-separation mortgage payments he made.  In addition, the court awarded wife $5,000 in attorney's fees.

-

Husband raised objections to the trial court's decision and he requested that the court reconsider its rulings concerning the awards for attorney's fees and spousal support and the failure to credit husband for the post-separation mortgage payments. The trial court declined to reconsider its decision.

## ATTORNEY'S FEES

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion." Graves v. Graves, 4 Va. App. 326, 333, 357 S.E.2d 554, 558 (1987) (citation omitted). "The key to a proper award of counsel fees is reasonableness under all the circumstances." Lightburn v. Lightburn, 22 Va. App. 612, 621, 472 S.E.2d 281, 285 (1996).

Husband argues that the award of attorney's fees was an abuse of discretion because wife deserted the marriage and because the income of the parties is substantially identical. Although husband asserted that wife deserted the marriage, wife contended that the parties discussed getting a divorce and selling the marital home prior to her moving from the marital home. She also indicated that she moved from the martial residence only after husband failed to take steps to sell the house. Furthermore, the trial court granted the divorce on the ground that the parties had lived separate and apart in excess of one year, not on the ground of desertion. Moreover, as husband admits, even after taking into account husband's monthly spousal support payment to wife, his

-

income remains $1,200 per year greater than wife's income. Accordingly, the trial court did not abuse its discretion in awarding wife $5,000 in attorney's fees.

### POST-SEPARATION MORTGAGE PAYMENTS

The record established that husband retained exclusive use of the marital residence after the parties separated. He also made all of the post-separation monthly mortgage payments. "Although the separate contribution of one party to the acquisition, care, and maintenance of marital property is a factor that the trial court must consider when making its award of equitable distribution, Code § 20-107.3 does not mandate that the trial court award a corresponding dollar-for-dollar credit for such contributions." Von Raab v. Von Raab, 26 Va. App. 239, 249-50, 494 S.E.2d 156, 161 (1997). In addition, since the parties separated, husband received the tax benefits associated with paying the mortgage interest and the real estate property taxes for the house, while wife paid rent for an apartment where she and several of the parties' children lived. Therefore, we cannot say that the trial court abused its discretion by refusing to award husband a credit for his post-separation mortgage payments on the marital residence property.

### SPOUSAL SUPPORT

"In awarding spousal support, the [trial court] must consider the relative needs and abilities of the parties. [The court] is guided by the . . . factors that are set forth in Code § 20-107.1.

-

When the [trial court] has given due consideration to these factors, [its] determination will not be disturbed on appeal except for clear abuse of discretion." Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986). "'In fixing the amount of the spousal support award, . . . the court's ruling will not be disturbed on appeal unless there has been a clear abuse of discretion. We will reverse the trial court only when its decision is plainly wrong or without evidence to support it.'" Moreno v. Moreno, 24 Va. App. 190, 194-95, 480 S.E.2d 792, 794 (1997) (citation omitted).

In its letter opinion, the trial court specifically stated that it considered the statutory factors for making a spousal support award, including the length of the marriage and the earning capacities of the parties. Indeed, the evidence showed that husband and wife were married for over thirty years. Husband earns $36,000 per year and wife earns $24,000 per year. Wife is in poor physical condition, has undergone several recent surgical operations, and faces more medical treatments. The evidence also showed that, during the marriage, wife made numerous monetary and non-monetary contributions to the well-being of the family and their home. She also worked for husband's clothing businesses from about 1977 to 1981.

In addition, as stated above, the trial court did not find that wife deserted the marriage. Moreover, wife testified that she suffered both verbal and emotional abuse from husband during

-

the marriage.  Based on this evidence, we cannot say that the trial court abused its discretion in awarding wife spousal support.

## CODE § 20-107.1 FACTORS

Husband asserts that the trial court erred in failing to make written findings and conclusions pursuant to Code § 20-107.1, identifying the factors that support the spousal support award. However, husband failed to make this argument to the trial court. "The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18.  Accordingly, Rule 5A:18 bars our consideration of this question on appeal.  Moreover, the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.

## ATTORNEY'S FEES ON APPEAL

Wife has requested attorney's fees for matters relating to this appeal.  Upon consideration of the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees incurred in this appeal and we remand this matter to the trial court for it to determine the proper amount of the award.

Accordingly, we summarily affirm this appeal and remand the matter to the trial court for the determination of wife's attorney's fees incurred on appeal.

<u>Affirmed and remanded.</u>